FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 03, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>-vs-<br><br>JESUS GUILLERMO BUENO, JR.,<br><br>Defendant. | No. 4:17-CR-6014-WFN-1<br><br>ORDER |

Pending before the Court is Defendant's Motion Seeking Sentence Modification Pursuant to the First Step Act of 2018. ECF No. 554. Defendant asks that the Court modify his sentence in any way authorized by the First Step Act. He additionally notes that his sentence exceeds the guideline range. On February 28, 2018, the Court imposed a 210-month long sentence of incarceration. This sentence represented the low end of the guideline range. The Court recognizes that the range as calculated at the sentencing hearing exceeded Defendant's expectation. In the plea agreement, Defendant did not agree to the guideline calculations posited by the Government. At the sentencing hearing, the Court accepted the base level determination found in the Presentence Investigation Report of 38 based on the conclusion that Defendant's relevant conduct involved more than 4.5 kilograms of pure methamphetamine. Further, after testimony from a Government witness, the Court ruled that the reckless endangerment enhancement applied because Defendant attempted to flee with the undercover agent hanging out of the car door after the undercover agent had identified himself. The Court also found that Defendant had not satisfied the 5th prong of the safety valve, so Defendant could not benefit from the two-point reduction. The findings resulted in a final offense level of 37 and a range of 210 – 262 months. The Court imposed the low end finding that 210 months was sufficient to meet the purposes of sentencing.

ORDER - 1

The First Step Act made sweeping changes to many sentencing provisions. However, unless Congress directed that a specific provision should be applied retroactively, those changes only affected sentences imposed after December 21, 2018. For instance, Congress directed that the Fair Sentencing Act (which changed recommend guidelines for crack related crimes) be applied retroactively permitting this Court to resentence certain people who had committed crimes related to crack cocaine. Unfortunately, no retroactive changes permit resentencing of the Defendant. Therefore, the First Step Act requires no modification of Defendant's sentence. The Court has reviewed the file and Motions and is fully informed. Accordingly,

**IT IS ORDERED** that Defendant's Motion Seeking Sentence Modification Pursuant to the First Step Act of 2018, filed March 2, 2020, **ECF No. 554**, is **DENIED**.

The District Court Executive is directed to file this Order and provide copies to counsel **AND TO** *pro se* Defendant.

**DATED** this 3rd day of April, 2020.

03-25-20

WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE