FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 09, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JESUS GUILLERMO BUENO, JR., <br><br> Movant, <br><br> -vs- <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | No.   2:17-CR-6014-WFN-1 <br><br> ORDER DENYING § 2255 MOTION |

Before the Court is Movant's 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence.  ECF No. 555.  The Motion is submitted by Mr. Bueno, who is appearing *pro se* in these proceedings.  In a previous Order, the Court denied several of Mr. Bueno's claims, but asked that the Government respond to the ineffective assistance of counsel claim centered around lack of knowledge of the *Martinez* case.  ECF No. 558.

## DISCUSSION

In his remaining claim, Mr. Bueno complains that Mr. Partovi was ineffective because he was unaware of the extent of appellate waivers, as laid out in the *Martinez* case, when he negotiated the plea agreement.  In order to prevail on his ineffective assistance claims, Mr. Bueno must prove that counsel's performance was deficient and that he was prejudiced by this deficient performance.  *United States v. Strickland,* 466 U.S. 668, 687 (1984).  Courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."  *Strickland*, 466 U.S. at 689.  "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's

ORDER ON § 2255 MOTION - 1

perspective at the time." *Id*. at 689 (internal citations omitted). To show prejudice, Mr. Bueno must show that but for counsel's errors the results of the proceeding would have been different. *Id*. at 694.

In his Declaration, Mr. Partovi concludes his performance was deficient because he failed to negotiate a plea that permitted appeal of what he considered to be an error of law. "The longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart*, 474 U.S. 52, 56, (1985) (internal citation omitted). "Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Id*, at 56 (internal citation omitted). Like in *Hill*, this Court need not determine whether failure to attempt to negotiate different terms is deficient performance because Mr. Bueno's allegations are insufficient to demonstrate prejudice. To demonstrate prejudice, Mr. Bueno must show that he would not have pled guilty had he properly understood that the appellate waiver extended to alleged errors of law during sentencing. Mr. Bueno takes issue with many of the facts contained in the plea agreement, but he never indicates that he would not have entered a guilty plea had he known he couldn't appeal the legal findings at sentencing. In fact, despite all his complaints about the plea agreement, he never indicates that he would have gone to trial rather than entering a guilty plea. Since Mr. Bueno fails to demonstrate prejudice, his claim must be denied.

## CERTIFICATE OF APPEALABILITY

An appeal of this Order may not be taken unless this Court or a circuit justice issues a certificate of appealability finding that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2013). This requires a showing that "reasonable jurists would find the district Court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the Court's preceding analysis, the Court concludes that jurists of reason may differ

ORDER ON § 2255 MOTION - 2

with the Court's conclusion as to the ineffective assistance of counsel claim addressed by this Order. Thus, a certificate of appealability should issue.

The Court has reviewed the file and Movant's Motion and is fully informed. Accordingly,

**IT IS ORDERED** that Mr. Bueno's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255, filed March 2, 2020, **ECF No. 555**, is **DENIED**.

The District Court Executive is directed to:

- File this Order,
- Provide copies to counsel and *pro se* Movant
- Inform the Ninth Circuit Court of Appeals that if the Movant files a Notice of Appeal that a certificate of appealability is **GRANTED**; **AND**
- **CLOSE** the corresponding civil file, 4:20-CV-5041-WFN.

**DATED** this 9th day of December, 2020.

12-08-20

WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER ON § 2255 MOTION - 3